IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANIE HAWKINS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>WELL PATH, LLC,<br>　　　　　　　　　Defendant. | Civil Action No. 7:19-cv-08969<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Janie Hawkins ("Plaintiff" or "Ms. Hawkins"), individually and on behalf of all others similarly situated, alleges the following upon information and belief against Well Path, LLC ("Well Path" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls and sending text messages using an automatic telephone dialing system ("ATDS") to the landline telephones and cellular telephones of consumers nationwide without their prior express written consent; (2) stop Defendant's practice of placing calls and sending text messages using an artificial or prerecorded voice or message to the landline telephones and cellular telephones of consumers nationwide without their prior express written consent; (3) enjoin Defendant from continuing to place calls or send text messages using an ATDS to consumers who did not provide their prior express written consent to receive them; and (4) obtain redress for all persons injured by its conduct.

**JURISDICTION AND VENUE**

1.　This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

2. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

3. This Court has personal jurisdiction over Defendant because Defendant's wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

5. Plaintiff Janie Hawkins is, and at all times mentioned herein was, a resident of Spring Valley, New York, and a citizen of the State of New York.

6. Defendant Well Path, LLC is a corporation organized under the laws of Tennessee, with a principal place of business at 1283 Murfreesboro Road, Nashville, Tennessee 37217.  Well Path conducts business in this District and throughout the United States.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The TCPA Of 1991**

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or

produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.  The same section forbids making calls using an "artificial or prerecorded voice." *Id.*

9.  The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

10. The FCC has also ruled that consumers are entitled to the same protections for text messages as they are for calls to wireless numbers.  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has subsequently confirmed that the prohibition on using automatic telephone dialing systems to make calls to wireless phone numbers applies to text messages (e.g. phone-to-phone [short message service]), as well as voice calls.") (internal quotations omitted).

**B.      Defendant's Calls and Text Messages To Plaintiff And Class Members**

11. In or about February 2019, Plaintiff received calls on both her landline telephone and cellular telephone from Defendant (the "Calls").  Plaintiff's landline telephone number is (845) 425-0551.  Plaintiff's cellular telephone number at the time of the first call was (845) 608-6068.

12. The Calls described a job opportunity at Well Path and gave Plaintiff the option to inquire further about the opportunity.

13. Additionally, in or about February 2019, Plaintiff received a text on her cellular telephone from Defendant (the "Text"). Plaintiff's cellular telephone number at the time of the first text was (845) 608-6068.

14. The Text also described a job opportunity at Well Path and gave Plaintiff the option to inquire further about the opportunity.

15. Upon information and belief, both the Calls and the Text originated from a telephone number owned and operated by Defendant.

16. Defendant sent the Calls and the Text using an automatic telephone dialing system ("ATDS") without obtaining Ms. Hawkins' prior express written consent.

17. When Plaintiff answered Defendant's calls, she heard a momentary pause. Further, the Text was impersonal and generic. Both are hallmarks of an ATDS. According to the Federal Communications Commission and experts on telecommunications equipment, an ATDS has the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then text those numbers.

18. Prior to the calls and text messages at issue in this action, Ms. Hawkins had no contact with Defendant. She has never consented in writing, or otherwise, to receive autodialed or prerecorded calls or text messages from Defendant.

19. Defendant has continued to make numerous calls and send numerous text messages to Plaintiff's landline telephone and cellular telephone.

20. Upon information and belief, Defendant to made similar calls and sent similar text messages using the ATDS to a large number of consumers.

21. Defendant knowingly sent (and continues to send) autodialed and prerecorded calls and text messages to the landline telephones and cellular telephones of consumers without

4

the prior express written consent of the call and text recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all other persons similarly situated.

23. Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a call on his or her landline telephone and/or cellular telephone; (b) received a text message on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) without giving prior express written consent to Defendant; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

24. Plaintiff represents, and is a member of, this proposed Class. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

25. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

26. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls and text messages, and violations of their statutory rights.

27. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

28. The proposed Class can be easily identified through records maintained by Defendant.

29. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made calls and sent text messages to Plaintiff and class members using an ATDS and/or an artificial or prerecorded call and text message without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls or text messages on their landline telephones or cellular telephones using an ATDS without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

31. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Class.

32. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

33. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

34. Classwide relief is essential to compel Defendant to comply with the TCPA.

35. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

36. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls and text messages at issue are all automated and the members of the Class, by definition, did not provide the prior express written consent required under the statute to authorize calls and text messages to their landline telephones or cellular telephones.

37. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

38. Moreover, upon information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call or text message sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

46. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call or text message made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

48. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call or text message that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call or text message that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated:  September 26, 2019	Respectfully submitted,

	**BURSOR & FISHER, P.A.**

	By:   */s/ Philip L. Fraietta*
	        Philip L. Fraietta

	Joseph I. Marchese
	Philip L. Fraietta
	888 Seventh Ave.
	New York, NY 10025
	Telephone: (646) 837-7142
	Facsimile: (212) 989-9163
	Email: jmarchese@bursor.com
	            pfraietta@bursor.com

	*Attorneys for Plaintiff*