UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JANIE HAWKINS and JILLIAN BARNETT,      :
on behalf of themselves and all others       :
similarly situated,                                      :
                            Plaintiffs,           :          **OPINION AND ORDER**
                                                             :
v.                                                           :          19 CV 8969 (VB)
                                                             :
WELL PATH, LLC,                                 :
                            Defendant.          :
-------------------------------------------------------------x

Briccetti, J.:

        Plaintiffs Janie Hawkins and Jillian Barnett, on behalf of themselves and all others

similarly situated, bring this putative class action against defendant Well Path, LLC, alleging

violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA").

        Now pending is defendant's motion to dismiss the amended complaint for lack of subject

matter jurisdiction under Rule 12(b)(1) and lack of personal jurisdiction under Rule 12(b)(2).

(Doc. #18).

        For the following reasons, the motion is DENIED WITHOUT PREJUDICE, and this case

shall be transferred to the United States District Court for the Middle District of Tennessee,

pursuant to 28 U.S.C. § 1406(a).

**BACKGROUND**

        For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded allegations in the amended complaint and draws all reasonable inferences in plaintiffs'

favor, as summarized below.

I.        The Instant Action

        Hawkins, a New York resident and citizen, alleges that beginning in February 2019,

defendant made unsolicited and automated calls to her landline and cellular phones.  She also

1

alleges defendant sent an unsolicited text message to her cellular phone.  According to Hawkins, defendant utilized an automatic telephone dialing system ("ATDS") to initiate these communications.  Such communications concerned a job opportunity at defendant's company and provided information to inquire further about same.  Hawkins alleges she received defendant's communications within this judicial district.

Barnett, a Florida resident and citizen, alleges that in February 2019, she, like Hawkins, received an unsolicited text message from defendant.  According to Barnett, defendant utilized an ATDS to initiate this communication, which read: "New Year, New You, New Job?  It's Jaci w/ WellPath!  Seeking Mental Health Professionals for the Ma Dept of Corrections!  Great pay & Benefits.  Reply yes for info!"  (Doc. #17 ("Am. Compl.") ¶ 22).

Plaintiffs both allege having no contact with defendant before they received the unsolicited communications.  They further allege they never consented in writing, or otherwise, to receive autodialed or prerecorded calls or text messages from defendant.

Plaintiffs also claim defendant's "unsolicited text messages caused Plaintiffs actual harm, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion."  (Am. Compl. ¶ 37).  They further claim the messages inconvenienced them and disrupted their livelihoods.  (Id.).

According to plaintiffs, defendant has used an ATDS to make similar, unsolicited communications to many consumers nationwide, and thus plaintiffs also bring this action on behalf of the following putative class:

> All persons within the United States who (a) received a call on his or her landline telephone and/or cellular telephone; (b) received a text message on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) without giving prior express written consent to Defendant; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

(Am. Compl. ¶ 41).

II.      Barnett's Florida Action

In July 2019, several months before plaintiffs filed their amended complaint in the instant

action, Barnett filed in the Southern District of Florida a putative class action complaint against

defendant (the "Florida action"). (See Class Action Complaint, Barnett v. Wellpath LLC, 19

Civ. 23149 (S.D. Fla. July 30, 2019)). However, on September 26, 2019, before defendant's

deadline to respond to the complaint in the Florida action, Barnett dismissed the Florida action

without prejudice.

On December 27, 2019, plaintiffs filed their amended complaint in the instant action.

The amended complaint superseded the original complaint, which was filed by Hawkins only.

**DISCUSSION**

I.      Legal Standards

A.      Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such

limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston,

Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).[1] "A case is properly

dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks

the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89,

94 (2d Cir. 2011). A court lacks the judicial power to hear a party's claims when the party does

not have standing. Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d

44, 48 (2d Cir. 2014). The party invoking the Court's jurisdiction bears the burden of

---

[1]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

establishing, by a preponderance of the evidence, that jurisdiction exists. Broidy Capital Mgmt.
LLC v. Benomar, 944 F.3d 436, 443 (2d Cir. 2019).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court
"must accept as true all material facts alleged in the complaint." Conyers v. Rossides, 558 F.3d
137, 143 (2d Cir. 2009). "However, argumentative inferences favorable to the party asserting
jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d
Cir. 2012) (summary order). Moreover, when a defendant moves to dismiss for lack of subject
matter jurisdiction and on other grounds, the court should resolve the Rule 12(b)(1) challenge
first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

B.      Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the
"plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re
Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). "Where, as here, a court
relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the
plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over
the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). "This prima
facie showing must include an averment of facts that, if credited by the ultimate trier of fact,
would suffice to establish jurisdiction over the defendant." Newmont Mining Corp. v.
AngloGold Ashanti Ltd., 344 F. Supp. 3d 724, 735 (S.D.N.Y. 2018) (quoting Metro. Life Ins.
Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)). "[A]ll pleadings and affidavits
must be construed in the light most favorable to [plaintiff] and all doubts must be resolved in . . .
plaintiff's favor." Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039,
1043 (2d Cir. 1990).

II.     Subject Matter Jurisdiction

Defendant argues the Court lacks subject matter jurisdiction over Barnett's claims. Specifically, defendant contends the Eleventh Circuit's decision in Salcedo v. Hanna, 936 F.3d 1162 (11th Cir. 2019) forecloses Barnett's claims because she cannot allege a concrete injury.

The Court disagrees.

A.     Standing

"The 'irreducible constitutional minimum' of standing in federal court requires:  (1) 'injury in fact'; (2) that is 'fairly traceable' to a defendant's challenged conduct; and (3) that is 'likely to be redressed' by a favorable decision."  Mejia v. Time Warner Cable Inc., 2017 WL 3278926, at *7 (S.D.N.Y. Aug. 1, 2017) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).  "To support standing, an injury must be both concrete and particularized."  Id. (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)).  Indeed, "a 'bare' statutory violation is insufficient to confer constitutional standing absent some 'concrete' harm."  Id. (citing Spokeo, Inc. v. Robins, 136 S. Ct. at 1549).

B.     The TCPA

"Congress's authority to create new legal interests by statute, the invasion of which can support standing, is beyond question."  Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016).  In 1991, Congress did just that with the enactment of the TCPA, "to protect consumers from the nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls generate."  Bais Yaakov of Spring Valley v. Educ. Testing Serv., 367 F. Supp. 3d 93, 108 (S.D.N.Y. 2019).  Indeed, "Congress found that banning robocalls was the only effective means of protecting telephone consumers from this nuisance and privacy invasion.  To that end, the

5

TCPA imposed various restrictions on the use of automated telephone equipment." <u>Barr v. Am.</u>

<u>Ass'n of Political Consultants, Inc.</u>, 2020 WL 3633780 (U.S. July 6, 2020).

"As relevant here, one restriction prohibit[s] 'any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice' to 'any telephone

number assigned to a . . . cellular telephone service . . . or any service for which the called party

is charged for the call." <u>Id</u>. (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).  Another makes it unlawful

"to initiate any telephone call to any residential telephone line using an artificial or prerecorded

voice to deliver a message without the prior express consent of the called party."  47 U.S.C. §

227(b)(1)(B).  The TCPA's restrictions also apply to text messages.  <u>See</u> <u>Rotberg v. Jos. A. Bank</u>

<u>Clothiers, Inc.</u>, 345 F. Supp. 3d 466, 474 (S.D.N.Y. 2018).

C.      Application

At this stage of the proceedings, Barnett plausibly alleges an injury sufficient to confer

standing.

"Insofar as the TCPA protects consumers from certain telephonic contacts," Barnett's

allegations that she suffered actual harm—for example, an invasion of her privacy, aggravation,

inconvenience, annoyance, disturbance, and intrusion on seclusion—describe "more than a bare

violation" of the TCPA, and, accordingly, in this Circuit, "satisfies the concrete-injury

requirement for standing.  <u>See</u> <u>Leyse v. Lifetime Entm't Servs., LLC</u>, 679 F. App'x 44, 46 (2d

Cir. 2017) (summary order).  Indeed, in <u>Leyse v. Lifetime Entertainment Services, LLC</u>, the

Second Circuit held that a plaintiff who received, and listened to, a prerecorded voicemail

message, suffered a concrete injury under the TCPA sufficient to confer Article III standing.  <u>Id</u>.

And in <u>Zani v. Rite Aid Headquarters Corp.</u>, a court in this district held a plaintiff's receipt of

one, prerecorded telephone call, which the plaintiff alleged was disturbing and annoying, was

sufficient to establish standing.  246 F. Supp. 3d 835, 847 (S.D.N.Y. 2017).  Here, although

Barnett does not allege what she was doing or where she was when she received the

communication at issue, or other specifics to illustrate the effects of her receipt of same, the

amended complaint contains enough information to allege a concrete injury in fact.

Moreover, the Court is not persuaded by defendant's argument that Salcedo v. Hanna

precludes Barnett from plausibly alleging a concrete injury.  In that case, the Eleventh Circuit

concluded a plaintiff's alleged injuries—waste of time, invasion of privacy, etc.—stemming

from the receipt of one, unsolicited and automated text message, were insufficient to state a

concrete injury.  Salcedo v. Hanna, 936 F.3d at 1172.  The circuit concluded plaintiff's alleged

harms were "intangible and ephemeral," and did not constitute an actionable injury.  Id. at 1173.

Defendant argues Barnett's claims should be dismissed because the Eleventh Circuit

rendered its decision in Salcedo v. Hanna while the Florida action was pending and before

Barnett dismissed that case without prejudice.  To that end, defendant contends Barnett should

not be allowed to pursue her claims in this forum because, had her claims proceeded in the

Southern District of Florida, Salcedo v. Hanna would have controlled.  Be that as it may, Barnett

dismissed without prejudice the Florida action, as of right, pursuant to Rule 41(a)(1)(a)(i).

Thereafter, she joined Hawkins as a plaintiff in the instant action.  As a result, the Southern

District of Florida never considered the merits of Barnett's claims.  Furthermore, Salcedo v.

Hanna is not binding on this Court, or within this circuit, nor does the Southern District of

Florida or any other court in the Eleventh Circuit have exclusive jurisdiction over Barnett's

TCPA claims.

For the reasons set forth above, before this Court, Barnett alleges a concrete injury in fact and has standing to pursue her TCPA claims.

III.     Personal Jurisdiction

Defendant argues the Court lacks personal jurisdiction over defendant as to (i) Barnett's claims and (ii) plaintiffs' claims on behalf of any out-of-state putative class members.

The Court agrees with respect to Barnett's claims and determines that it need not reach a resolution respecting plaintiffs' claims on behalf of any out-of-state putative class members.

A.       Jurisdiction Over Defendant as to Barnett's Claims

1.       Specific Jurisdiction

As a preliminary matter, the Court lacks specific jurisdiction over defendant as to Barnett's claims.

When the action is brought as a purported class action, "personal jurisdiction over [the] defendant is assessed with respect to the named plaintiffs' causes of action." Chernus v. Logitech, Inc., 2018 WL 1981481, at *3 (D.N.J. Apr. 27, 2018) (collecting authorities).

Specific jurisdiction over a defendant exists "in a suit arising out of or related to the defendant's contacts with the forum." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1780 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

Here, Barnett's claims against defendant do not arise out of, or relate, to defendant's contacts with the forum. Accordingly, the Court may not exercise specific jurisdiction over defendant with respect to such claims.

2.       Pendent Personal Jurisdiction

Plaintiffs argue that because the Court has specific jurisdiction over defendant as to

Hawkins's claims, it may exercise jurisdiction over defendant as to Barnett's claims pursuant to

the doctrine of pendent personal jurisdiction.

Plaintiffs are mistaken.

"[P]endent personal jurisdiction is a discretionary doctrine."  Charles Schwab Corp. v.

Bank of Am. Corp., 883 F.3d 68, 88 (2d Cir. 2018).  It "provides that where a federal statute

authorizes nationwide service of process, and the federal and state-law claims derive from a

common nucleus of operative fact, the district court may assert personal jurisdiction over the

parties to the related state-law claims even if personal jurisdiction is not otherwise available."

Id.  In other words, the doctrine applies when a court:  (i) has subject matter jurisdiction over a

plaintiff's federal claims respecting legislation that provides for nationwide service of process;

(ii) chooses to exercise personal jurisdiction over the defendant with respect to the plaintiff's

related state-law claims; and (iii) does so even though it does not otherwise have personal

jurisdiction over the defendant as to the state-law claims.  See, e.g., Action Embroidery Corp. v.

Atl. Embroidery, Inc., 386 F.3d 1174, 1180 (9th Cir. 2004) ("Having established personal

jurisdiction over [defendant] for [plaintiffs'] antitrust claims, we must determine whether the

court also has personal jurisdiction over [defendant] with respect to their [] state-law claims.").

For the following reasons, pendent personal jurisdiction is not applicable here.

First, the TCPA does not authorize nationwide service of process.  See Shanahan v. Nat'l

Auto Prot. Corp., 2020 WL 3058088, at *2 (N.D. Ill. June 9, 2020); Casso's Wellness Store &

Gym, L.L.C. v. Spectrum Lab. Prods., Inc., 2018 WL 13777608, at *4 (E.D. La. Mar. 19, 2018).

9

Second, plaintiffs plead TCPA claims only; they do not plead any state-law claims for which this Court may exercise pendent personal jurisdiction over defendant.

And third, even if the Court could exercise pendent personal jurisdiction over defendant, plaintiffs' claims do not "derive from a common nucleus of operative fact."  See Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d at 88.  Indeed, Hawkins's claims are predicated on certain communications she received in New York, whereas Barnett's claims respect a different communication that was received at a different location outside of the forum.  Although plaintiffs plead the same causes of action and seek the same redress, their claims concern different communications, received in different locations, and, therefore, concern different operative facts.

For these reasons, the Court will not exercise pendent personal jurisdiction over defendant with respect to Barnett's claims, and thus lacks personal jurisdiction over defendant as to same.

> B.        Jurisdiction Over Defendant as to Out-of-State Putative Class Claims

Defendant argues that pursuant to Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, and its progeny, the Court lacks personal jurisdiction over defendant as to any out-of-state putative class members' claims.  Plaintiffs argue defendant's reliance on Bristol-Myers is misplaced.

At this stage of the proceedings, the Court declines to determine whether it may exercise personal jurisdiction over defendant as to any claims of out-of-state putative class members.

In Bristol-Myers—a state-court mass tort action with more than 600 named plaintiffs—the Court explained:

> [F]or a court to exercise specific jurisdiction over a claim, there must be an
> "affiliation between the forum and the underlying controversy, principally, [an]

10

activity or an occurrence that takes place in the forum State." When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

137 S. Ct. at 1781 (alteration in original) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 919). Emphasizing that specific jurisdiction requires "the suit [to] arise out of or relate to the defendant's contacts with the forum," id. at 1780 (quoting Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)), the Court found that California courts lacked specific jurisdiction over named plaintiffs foreign to California who had not alleged any California-based injury. See id. at 1782. The Court reserved decision whether its holding respecting specific jurisdiction over the out-of-state plaintiffs alleging out-of-state injuries extended to class-action claims brought in federal court. Id. at 1783–84.

Here, the Court concludes personal jurisdiction over defendant as to putative out-of-state class claims would be best assessed at the class certification stage of the proceedings, not at the motion to dismiss stage. As noted above, specific jurisdiction in a class action arises from the named plaintiffs' causes of action, and the Court has already determined it lacks personal jurisdiction over defendant as to Barnett's claims. And, at present, the potential out-of-state class members are precisely that—potential class members who are not, and may never be, joined in this action. Thus, the Court need not assess at this time personal jurisdiction over defendant as to putative out-of-state class action claims. See, e.g., Gonzalez v. Costco Wholesale Corp., 2018 WL 4783962, at *8 (E.D.N.Y. Sept. 29, 2018) ("[T]his court will defer its resolution of this issue until Plaintiff files a motion for class certification."); Chernus v. Logitech, Inc., 2018 WL 1981481, at *8 ("[I]t is more prudent to address [personal jurisdiction over out-of-state putative class members] at the class certification stage.").

Accordingly, the Court denies without prejudice defendant's motion to dismiss for lack of personal jurisdiction the putative out-of-state class members' claims.

IV.     Transfer

Defendant requests the Court dismiss the amended complaint with prejudice.  In response, plaintiffs argue that if this Court lacks personal jurisdiction over defendant, the Court should either dismiss the case without prejudice or transfer the case "to the appropriate forum, which Defendant contends is the Middle District of Tennessee."  (Doc. #22 ("Pls. Mem.") at 11).

Defendant does not request that the Court transfer the action.  And although defendant does not respond directly to plaintiff's request to transfer, it does suggest plaintiffs' choice of venue in this Court is improper.  (See Doc. #18-1 ("Def. Mem.") at 8 n.2).

For the reasons below, the Court will transfer this action to the Middle District of Tennessee.

A.      Improper Venue

Under 28 U.S.C. § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

Plaintiffs allege defendant is a Tennessee corporation with a principal place of business in Nashville, Tennessee.  Venue is improper in this district because defendant does not reside in

New York, the alleged conduct giving rise to Barnett's claims did not occur in New York, and

defendant is not subject to personal jurisdiction in New York with respect to Barnett's claims.

>        B.        Transfer to the Middle District of Tennessee

"If venue is improper in the federal district court in which the action was filed, the

decision whether to transfer or dismiss is evaluated under 28 U.S.C. § 1406(a) and lies within the

sound discretion of the district court." Graczyk v. Verizon Commc'ns, Inc., 2020 WL 1435031,

at *6 (S.D.N.Y. Mar. 24, 2020). "[D]istrict courts are instructed to dismiss an action brought in

the wrong venue, 'or if it be in the interest of justice, transfer such case to any district or division

in which it could have been brought.'" Gonzalez v. Hasty, 651 F.3d 318, 324 (2d Cir. 2011)

(quoting 28 U.S.C. § 1406(a)).

"A court may transfer a case pursuant to 28 U.S.C. § 1406(a) sua sponte even if the

defendant moves only to dismiss." Holey Soles Holdings, Ltd. v. Foam Creations, Inc., 2006

WL 1147963, at *9 (S.D.N.Y. May 1, 2006) (citing Concession Consultants, Inc. v. Mirisch, 355

F.2d 369, 372 n.3 (2d Cir. 1966)). "The purpose of 28 U.S.C. § 1406(a)'s transfer provision is to

'remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and

controversies on their merits.'" Rolle v. Berkowitz, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11,

2004) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962)).

Here, the Court declines to dismiss with prejudice plaintiffs' claims, which would only

serve to punish plaintiffs for their counsel's misapplication of foundational legal principles. And

rather than dismiss the case without prejudice, the Court concludes that in the interests of justice,

transfer of this action to the Middle District of Tennessee, where a federal court may exercise

general jurisdiction over defendant as to plaintiffs' claims, is appropriate. Doing so would

facilitate the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

13

Indeed, if instead the Court were to dismiss the case without prejudice, plaintiffs and putative

class members would be apt to commence a new action against defendant in the transferee

forum, or file duplicative lawsuits in multiple fora.  Under these circumstances, transfer is

preferable to dismissal.

## CONCLUSION

The motion to dismiss is DENIED WITHOUT PREJUDICE.

The Clerk is instructed to terminate the motion.  (Doc. #18).

The Clerk is further instructed to transfer this case to the United States District Court for

the Middle District of Tennessee, pursuant to 28 U.S.C. § 1406(a).

Dated:  July 27, 2020
       White Plains, NY

                    SO ORDERED:

                    _____
                    Vincent L. Briccetti
                    United States District Judge